UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

FILED-USBC, FLS-WPB
'26 MAR 5 PM 2:04

☐ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☒ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)   MAM

DEBTOR: C. GRAHAM    JOINT DEBTOR: _____    CASE NO.: 26-12039

SS#: xxx-xx-_____    SS#: xxx-xx- 6058

### I. NOTICES

To Debtors:   Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors:   Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties:   The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☐ Not included |
| Nonstandard provisions, set out in Section IX | ☐ Included | ☐ Not included |

### II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT**: This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $0.00 _____ for months _____ to _____ ;

2. $0.00 _____ for months _____ to _____ ;

3. $0.00 _____ for months _____ to _____ ;

B. **DEBTOR(S)' ATTORNEY'S FEE**:    ☐ NONE    ☐ PRO BONO

| Total Fees: | $0.00 | Total Paid: | $0.00 | Balance Due: | $0.00 |
|---|---|---|---|---|---|

Payable ___$0.00___ /month (Months ___ to ___)

Allowed fees under LR 2016-1(B)(2) are itemized below:

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

### III. TREATMENT OF SECURED CLAIMS   ☐ NONE

A. **SECURED CLAIMS**:   ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: _____

   Address: _____

   Arrearage/ Payoff on Petition Date _____

   [Select Payment Type]    ___$0.00___ /month (Months ___ to ___)

   Last 4 Digits of Account No.: _____

| Other: | |
|---|---|
| ☒ Real Property | Check one below for Real Property: |
| ☒ Principal Residence | ☐ Escrow is included in the regular payments |
| ☐ Other Real Property | ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly |
| Address of Collateral: 1500 N CONGRESS AVE #23 WPB FL 334 | |
| ☐ Personal Property/Vehicle | |
| Description of Collateral: | |

B. **VALUATION OF COLLATERAL:** ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

1. **REAL PROPERTY:** ☐ NONE

| 1. Creditor: D.B. INVESTMT | Value of Collateral: 100,000.00 | **Payment** |
|---|---|---|
| Address: 409 SE 16 CT 33316 FT LAUDERDALE FL | Amount of Creditor's Lien: 25,000.00 | Total paid in plan: $0.00 |
| Last 4 Digits of Account No.: | Interest Rate: 12% | $0.00 /month (Months ___ to ___) |
| Real Property ☒ Principal Residence ☐ Other Real Property Address of Collateral: | Check one below: ☐ Escrow is included in the monthly mortgage payment listed in this section ☐ The debtor(s) will pay ☐ taxes ☒ insurance directly | |

2. **VEHICLES(S):** ☐ NONE

| 1. Creditor: DON SCHLICHTMAN | Value of Collateral: 100,000 | **Payment** |
|---|---|---|
| Address: C/o KALISH & JACGERS 2161 PALM BCH LAKE BLVD 33409 | Amount of Creditor's Lien: 25,000 | Total paid in plan: $0.00 |
| Last 4 Digits of Account No.: | Interest Rate: 12% | $0.00 /month (Months ___ to ___) |
| VIN: | | |
| Description of Collateral: | | |
| Check one below: ☐ Claim incurred 910 days or more pre-petition ☐ Claim incurred less than 910 days pre-petition | | |

3. **PERSONAL PROPERTY:** ☐ NONE

Debtor(s): C GRAHAM  Case number: 26-12039-MAM

| 1. Creditor: CAPITAL ONE | Value of Collateral: 0 | **Payment** |
|---|---|---|
| Address: P.O. BOX 30285 SALT LAKE CITY UT84130 | Amount of Creditor's Lien: | Total paid in plan: $0.00 |
| Last 4 Digits of Account No.: | Interest Rate: % | $0.00 /month (Months ___ to ___) |
| Description of Collateral: | | |

Check one below:
- [ ] Claim incurred less than one year pre-petition
- [ ] Claim incurred 1 year or more pre-petition

### C. LIEN AVOIDANCE  ☐ NONE

Judicial liens or nonpossessory, nonpurchase money security interests securing the claims will be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522 as listed below. A separate motion will also be served pursuant to BR 7004 and LR 3015-3.

1. Creditor: _____  Collateral: _____
   Address: _____
   _____  Exemption: _____
   Last 4 Digits of Account No.: _____

### D. SURRENDER OF COLLATERAL:  ☒ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

- [ ] The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

- [ ] Other: _____

  Name of Creditor  Last 4 Digits of Account No.  Description of Collateral (Address, Vehicle, etc.)

  1. _____

### E. DIRECT PAYMENTS  ☒ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

Name of Creditor  Last 4 Digits of Account No.  Description of Collateral (Address, Vehicle, etc.)

1. _____

## IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]  ☒ NONE

### A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:  ☒ NONE

1. Name: _____
   Payment Address: _____
   Total Due: $0.00
   Payable  $0.00  /month (Months ___ to ___)
   Payable  $0.00  /month (Months ___ to ___)

### B. INTERNAL REVENUE SERVICE:  ☐ NONE

Debtor(s): _____  Case number: _____

Total Due: _____$0.00_____    Total Payment _____$0.00_____

Payable: _____$0.00_____ /month (Months ___ to ___)

### C. DOMESTIC SUPPORT OBLIGATION(S): ☒ NONE    ☐ CURRENT AND PAID OUTSIDE

1. Name of Creditor: _____

Payment Address: _____

Total Due: _____$0.00_____

Payable ___$0.00___ /month (Months ___ to ___)

Regular Payment (if applicable) ___$0.00___ /month (Months ___ to ___)

### D. OTHER: ☒ NONE

1. Name of Creditor: _____

Payment Address: _____

Total Due: _____$0.00_____

Payable ___$0.00___ /month (Months ___ to ___)

Regular Payment (if applicable) ___$0.00___ /month (Months ___ to ___)

## V.    TREATMENT OF UNSECURED NONPRIORITY CREDITORS    ☐ NONE

**A.** Pay ___$0.00___ /month (Months ___ to ___)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

**C.** SEPARATELY CLASSIFIED:    ☐ NONE

1. Name of Creditor: _____

Payment Address: _____

Last 4 Digits of Account No.: _____

Basis for Separate Classification _____

Payable ___$0.00___ /month (Months ___ to ___)

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

## VI.    STUDENT LOAN PROGRAM    ☒ NONE

**A.**    FEDERAL - Direct Pay    ☐ None

Name of student who benefitted from the loan (if different than the Debtor) _____

1. Name of Federal Student Loan Holder and/or Servicer: _____

Address: _____

Last 4 Digits of Account No.: _____

The debtor(s) filed the Local Form Notice of Income Driven Repayment Plan. All Federal Student loan payments shall be paid directly by the debtor(s) and the debtor(s) will be solely responsible for ensuring that the direct payments to the Federal Student Loan Holder(s) are received timely. The monthly IDR payment is set forth in the Local Form Notice of Income Driven Repayment Plan.

The debtor(s) expressly waive(s) any and all causes of action and claims against the Federal Student Loan Holder(s) and Servicer(s) for any alleged violation of the automatic stay under 11 U.S.C. § 362(a) with regard to and in consideration of the benefits of enrollment and participation in an IDR plan during the Chapter 13 case. Debtor(s) must file a certificate of service indicating that a copy of the plan was served in accordance with the provisions of Section IV of the Court's Student Loan Program Procedures.

The debtor(s) shall file annual recertifications on or before the anniversary date of any IDR plan until such time as the Department of Education establishes the automatic recertification of income for IDR borrowers. If the IDR plan payment changes after recertification

or after the debtor(s) receive(s) the Department of Education annual certification, then, no later than 14 days after receiving notice of the payment change, the debtor(s) must file the Local Form Notice of IDR Payment Change noting the change in the monthly IDR plan payment.

Any Notice required to be given to the Federal Student Loan Holder under this Section must include the name(s) of the debtor(s) and the bankruptcy case number and Chapter 13 designation, must identify the Federal Student Loans, and must be served in accordance with the provisions in Section IV of the Court's Student Loan Program Procedures.

   **B.**   PRIVATE – Paid in the Chapter 13 Plan    ☐ None

       Name of student who benefitted from the loan (if different than the Debtor) _____

       1. Name of Private Student Lender: _____

       Address: _____

       Last 4 Digits of Account No.: _____

       Payable    $0.00    /month (Months ___ to ___)

**VII.**   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**    ☒ NONE

Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

       ☐ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| Name of Creditor | Collateral | Acct. No. (Last 4 Digits) | Assume/Reject |
|---|---|---|---|
| 1. _____ | _____ | _____ | ☐ Assume ☐ Reject |

**VIII.**   **INCOME TAX RETURNS AND REFUNDS:**

       ☐ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

       ☒ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

       ☐ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

**IX.**   **NON-STANDARD PLAN PROVISIONS**    ☐ NONE

       ☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

---

☐ Mortgage Modification Mediation

Debtor(s): _____C GRAHAM_____  Case number: __26-12039__

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____*C Graham*_____ Debtor   __3/4/26__   _____ Joint Debtor   _____
                                    Date                                           Date

_____   _____
Attorney with permission to sign on       Date
Debtor(s)' behalf who certifies that
the contents of the plan have been
reviewed and approved by the
Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.